UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MECHANICAL DYNAMICS & ANALYSIS LTD., )
)
)
Plaintiff, )
)
vs. ) No. 4:11-MC-59 (CEJ)
)
GOOGLE, et al., )
)
Defendants. )

## ORDER

Plaintiff initiated this action for the purpose of obtaining pre-complaint discovery under Fed. R. Civ. P. 27. Specifically, plaintiff asks this Court to issue a subpoena to Google, Inc., to appear for a limited deposition and to produce the identities of individuals associated with several anonymous online accounts used to post allegedly defamatory statements on a website hosted by Google.

In order to seek pre-litigation discovery under Rule 27, Fed.R.Civ.P., a petitioner must file a verified petition must showing:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Rule 27 also provides a notice and service requirement:

> At least 21 days before the hearing date, petitioner must serve each expected party with a copy of the petition and a notice stating the time

>and place of the hearing . . . in the manner provided in Rule 4 . . . The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented.

Fed.R.Civ.P. Rule 27(a)(2). "If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories."  Fed.R.Civ.P. Rule 27(a)(3). Generally, it has been held that the purpose of Rule 27 is to prevent the loss of evidence; it is not a means for conducting pre-litigation discovery.  See In re I-35W Bridge Collapse Site Inspection, 243 F.R.D. 349 (D. Minn. 2007) (court may shorten 21-day notice requirement, but necessity of preventing loss of evidence not shown); In re Chao, No. 08-mc-56-JSS, 2008 WL 4471802 (N.D. Iowa 2008) (pending deportation of aliens sufficient to perpetuate pre-filing testimony under Rule 27).

Plaintiff here has made no effort to comply with the requirements of Rule 27. Plaintiff's petition was not verified, and it fails to address any of the provisions of Rule 27 that govern service, notice and protection of potential adverse parties.  See Fed. R. Civ. P. 27(a)(1)-(3).  Plaintiff states that damages in the anticipated defamation lawsuit will exceed $75,000.00, but has not otherwise shown that this Court will have jurisdiction over the anticipated state law claims.  See 28 U.S.C. § 1332.  Finally, the facts alleged by plaintiff are not the sort that would justify pre-litigation discovery.  See In re Chao, 2008 WL 4471802 (comparing cases; the purpose of Rule 27 is to prevent the loss of evidence, not as a means to conduct pre-litigation discovery).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's petition to conduct pre-litigation discovery [Doc. #1] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall make an entry in the docket terminating this miscellaneous action.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2011.